UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TIMOTHY ANDREW KELLIS,<br><br>                    Petitioner,<br><br>    v.<br><br>WARDEN CARLIN,<br><br>                    Respondent. | Case No. 3:15-cv-00094-REB<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is an Amended Petition for Writ of Habeas Corpus filed by Idaho state prisoner Timothy Andrew Kellis ("Petitioner"), challenging Petitioner's Latah County convictions on twelve charges of sexual misconduct. (Dkt. 11.) Respondent has filed a Motion for Partial Summary Dismissal, arguing that all but one of Petitioner's claims are subject to dismissal as noncognizable or procedurally defaulted. (Dkt. 30.) The Motion is now ripe for adjudication.[1]

The Court takes judicial notice of the records from Petitioner's state court proceedings, which have been lodged by Respondent.[2] (Dkt. 22.) *See* Fed. R. Evid. 201(b); *Dawson v. Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2006).

---

[1]    Petitioner's "Traverse" (Dkt. 37), which he filed in response to Respondent's Reply in Support of the Motion for Partial Summary Dismissal, was not authorized either by the Local Rules or by order of the Court granting leave to file the document. (*See* Dkt. 14 at 9 ("No party shall file supplemental responses, replies, affidavits or other documents not expressly authorized by the Local Rules without first obtaining leave of Court."). Therefore, the Court has not considered the Traverse.

[2]    During the course of this litigation, Petitioner was temporarily moved to the Asotin County jail in the State of Washington, for purposes of court appearances there. During Petitioner's absence from the

The parties consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case in accordance with 28 U.S.C. § 636(c). (Dkt. 17.) Having carefully reviewed the record, including the state court record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d).

Accordingly, the Court enters the following Order granting Respondent's Motion for Partial Summary Dismissal and dismissing Claims 1 through 25 with prejudice.

## BACKGROUND

The facts underlying Petitioner's conviction are set forth clearly and accurately in *Kellis v. State*, Docket No. 41034, Op. 672 (Idaho Ct. App. Aug. 15, 2014) (unpublished), which is contained in the record at State's Lodging D-5. The facts will not be repeated here except as necessary to explain the Court's decision.

In the Second Judicial District Court in Latah County, Idaho, a jury convicted Petitioner of nine counts of lewd conduct with a minor under the age of sixteen, one

---

State of Idaho, officers at the prison lost much Petitioner's property, including most of Petitioner's legal files and resources. Therefore, the Court ordered Respondent to investigate the loss of Petitioner's property; prison staff cannot locate any of Petitioner's property other than a portion of Petitioner's legal work that was recovered from the IDOC prison legal resource center and which was returned to Petitioner. The Court also ordered Respondent to provide Petitioner with copies of (1) all state court records from his criminal case that he did not already have, and (2) any additional lodgings cited in Respondent's Motion for Summary Dismissal; Respondent has done so. (*See* Dkt. 21, 23, 25, 26, 27, 28, 32.) Therefore, Petitioner has had a full and fair opportunity to develop his response to the Motion for Summary Dismissal.

As for the remainder of Petitioner's legal work that was lost by prison officials—such as copies of case law and legal books or treatises—the Court reaffirms its previous decision that Petitioner is not entitled to replacements of such property, at least for purposes of litigating the instant habeas case, because he "is entitled only to the records identified in Habeas Rule 5." (Dkt. 28 at 2.)

Petitioner has filed a civil rights lawsuit relating to the officers' loss, destruction, or alleged theft of his property, which he alleges was worth over $3,300. *See Kellis v. Atencio*, Case No. 3:18-cv-00081-BLW (Dkt. 3 at 16) (D. Idaho filed Feb. 16, 2018).

**MEMORANDUM DECISION AND ORDER - 2**

count of attempted lewd conduct, and two counts of sexual abuse of a child, all of which involved four teenage boys and "much of which occurred at a Boy Scout camp where [Petitioner] was a staff member." (State's Lodging D-5 at 1.) Petitioner received a cumulative sentence of life imprisonment with 15 years fixed.

On direct appeal, Petitioner raised only two claims: (1) that the trial court violated Petitioner's right to due process by enhancing his sentence because Petitioner asserted his innocence, and (2) that Petitioner's sentence was excessive under Idaho law because the trial court failed to give appropriate weight to certain mitigating evidence. (State's Lodging B-1.) The Idaho Court of Appeals affirmed, and the Idaho Supreme Court denied review. (State's Lodging B-3; B-6.)

Petitioner then filed a petition for state post-conviction relief, was appointed counsel (and later substitute counsel after Petitioner's first two attorneys withdrew), and filed an amended petition. (State's Lodging C-2 at 14-40, 156-59, 166, 186-87.) Petitioner's motion to modify the amended petition and to file a second amended petition was granted in part and denied in part. (State's Lodging C-3 at 280-82, 321.) The post-conviction petition asserted 12 claims of ineffective assistance of trial counsel and one claim of ineffective assistance of direct appeal counsel. (State's Lodging C-2 at 190-96; C-3 at 313-320.) The trial court dismissed the petition. (State's Lodging C-3 at 425-40.)

Petitioner was represented by counsel on appeal and argued only that the state district court erred, under Idaho law, by not providing sufficient notice before dismissing the petition for post-conviction relief. (State's Lodging D-1, D-4.) Petitioner did not argue the merits of the 13 claims he raised in the post-conviction petition. The Idaho

Court of Appeals affirmed, holding that Petitioner received adequate notice because the state district court dismissed the petition on the same grounds as those asserted by the state in its motion to dismiss. (State's Lodging D-5.) The Idaho Supreme Court denied review. (State's Lodging D-8.)

Petitioner returned to the state district court and filed a successive post-conviction petition. (State's Lodging E-2 at 11-38.) Petitioner was initially appointed counsel; though the court initially denied counsel's request to withdraw, it later approved a renewed motion to withdraw. (*Id*. at 115, 157-63, 193-95, 206-07.) Petitioner then filed a pro se amended petition. (State's Lodging E-3 at 229-65.) Petitioner asserted a total of eight claims, six of which alleged ineffective assistance of trial counsel and two of which alleged ineffective assistance of direct appeal counsel. (*Id*. at 231-60.)

In two separate decisions, the state district court dismissed all of Petitioner's claims based on Idaho's successive-petitions bar, which prohibits successive post-conviction petitions unless a "sufficient reason" justifies the court's consideration of the petition. *See* Idaho Code § 19-4908. The state court held that Petitioner had not established a sufficient reason for the court to hear the successive claims and that the claims (1) were merely restatements of claims raised in the initial post-conviction proceedings, or (2) could have been, but were not, raised in those initial proceedings. Alternatively, the court dismissed the successive claims based on the state-law doctrine of res judicata, which is also known as claim preclusion. (State's Lodging E-4 at 502-10, 512-31, 543-47.) The Idaho Court of Appeals affirmed after granting Petitioner's

appellate counsel's motion to withdraw, and the Idaho Supreme Court denied review. (State's Lodging F-1 through F-3; F-7; F-10.)

Petitioner filed the instant federal habeas petition while his state court proceedings were ongoing. The case was stayed and then later reopened, and Petitioner filed an Amended Petition. (Dkt. 9, 11, 14.) The Court has described the 26 claims in the Amended Petition as follows:

Claim 1:      Ineffective assistance of trial counsel for failing to investigate and present evidence that the victims had made similar allegations against another individual.

Claim 2:      Ineffective assistance of trial counsel for failing to call character witnesses, individuals who "participated in shotgun classes or shooting," and individuals "with direct knowledge of the Petitioner's time at the shotgun range."

Claim 3:      Ineffective assistance of trial counsel for failing to obtain expert testimony regarding the victims' delay of disclosure and possible motivations to fabricate the allegations.

Claim 4:      Ineffective assistance of trial counsel for failing "to fully explore the possibility of a plea agreement."

Claim 5:      Ineffective assistance of trial counsel for failing "to adequately impeach the State's witnesses" with prior inconsistent statements.

Claim 6:      Ineffective assistance of trial counsel for failing to object to certain evidence under Idaho Rule of Evidence ("IRE") 404(b).

Claim 7:      Ineffective assistance of trial counsel for failing to obtain an expert to evaluate scientific evidence such as DNA.

| | |
|---|---|
| Claim 8: | Ineffective assistance of trial counsel for failing to conduct an adequate voir dire examination during jury selection. |
| Claim 9: | Ineffective assistance of trial counsel for failing (a) to call a witness regarding a trip to Silverwood and (b) to object to certain evidence under IRE 404(b). |
| Claim 10: | Ineffective assistance of trial counsel for failing to investigate and call as witnesses individuals who had spoken to the victims about the allegations. |
| Claim 11: | Ineffective assistance of trial counsel for failing to raise an issue of "name calling" during the trial. |
| Claim 12: | Ineffective assistance of trial counsel for failing to investigate telephone records. |
| Claim 13: | Ineffective assistance of direct appeal counsel for failing to raise issues requested by Petitioner. |
| Claim 14: | Ineffective assistance of trial counsel for failing "to conduct an adequate review of the State's witnesses" with respect to a detective's interview techniques. |
| Claim 15: | Ineffective assistance of trial counsel for failing to obtain an expert to evaluate those interview techniques. |
| Claim 16: | Ineffective assistance of trial counsel for failing "to conduct a reasonable pre-trial investigation by failing to contact occurrence witnesses ... and by failing to present testimony" to corroborate Petitioner's testimony. |
| Claim 17: | Ineffective assistance of trial counsel for failing to move to dismiss the indictment filed on September 8, 2008, based on subject matter jurisdiction. |

| | |
|---|---|
| Claim 18: | Ineffective assistance of direct appeal counsel for failing to assert a double jeopardy violation. |
| Claim 19: | Ineffective assistance of direct appeal counsel for failing to present "issues of fundamental error ... as pertaining to the filing of the Amended Indictment and subject matter jurisdiction." |
| Claim 20: | Ineffective assistance of initial post-conviction counsel for failing "to adequately raise ... claims of ineffective assistance of trial and appellate counsel" as set forth in Claims 1 through 19. |
| Claim 21: | Violation of due process based on the post-conviction court's dismissal of Petitioner's initial post-conviction petition without proper notice. |
| Claim 22: | Violation of due process based on the post-conviction court's denial of Petitioner's motion for appointment of conflict counsel [in the successive post-conviction proceedings]. |
| Claim 23: | Violation of due process based on the state district court's failure to hold a hearing on Petitioner's counsel's [renewed] motion to withdraw [in the successive post-conviction proceedings]. |
| Claim 24: | Violation of due process based on the state district court's denial of Petitioner's motions to depose by written examination and for authorization to employ an investigator [in the successive post-conviction proceedings]. |
| Claim 25: | Violation of due process based on the state district court's dismissal of Petitioner' successive petition for post-conviction relief. |
| Claim 26: | Violation of due process based on the trial judge's imposition of excessive sentences "as punishment for Petitioner's continued assertion of innocence." |

(Dkt. 14 at 2-5, quoting Am. Pet., (Dkt. 11 at 5 to Dkt. 11-3 at 30).)[3]

The Court previously reviewed the Petition and allowed Petitioner to proceed on his claims to the extent those claims "(1) are cognizable in a federal habeas corpus action, (2) were timely filed in this Court, and (3) were either properly exhausted in state court or subject to a legal excuse for any failure to exhaust in a proper manner." (Dkt. 14 at 5 (footnote omitted).)

Respondent now argues that Claims 1 through 19 are subject to dismissal as procedurally defaulted and that Claims 20 through 25 are not cognizable—meaning that they cannot be considered—in a federal habeas petition. (Dkt. 30.) For the reasons that follow, the Court agrees.

## DISCUSSION

### 1.     Standard of Law Governing Summary Dismissal

The Rules Governing § 2254 Cases ("Habeas Rules") authorize the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any attached exhibits," as well as those records subject to judicial notice, "that the petitioner is not entitled to relief in the district court." Habeas Rule 4; *see* Fed. R. Evid. 201(b); *Dawson*, 451 F.3d at 551 n.1. Where appropriate, a respondent may file a motion for summary dismissal, rather than an answer. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

---

[3]     There has been no objection to the Court's description of Petitioner's claims.

**2.      Claims 20 through 25 Are Subject to Dismissal as Noncognizable**

Claims 20 through 25 allege that Petitioner received ineffective assistance of initial post-conviction counsel and that the state post-conviction courts erred, in several ways, during the course of Petitioner's initial and successive post-conviction proceedings. However, claims of error during state post-conviction proceedings cannot be heard— meaning they are not cognizable—on federal habeas corpus review, which allows for habeas relief only for violations of the federal constitution, a federal statute, or a federal treaty. *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989) (per curiam); 28 U.S.C. § 2254(a).

Further, claims of ineffective assistance of post-conviction counsel cannot be the basis for habeas relief because there is no federal right to such assistance. *See Pennsylvania v. Finley*, 481 U.S. 551, 554 (1987). Although ineffective assistance of initial post-conviction counsel can, in certain narrow circumstances, constitute cause to excuse the procedural default of an underlying claim of ineffective assistance of trial counsel ("IATC")—an issue which the Court will discuss more fully below—it is not an independent constitutional claim. *See Martinez v. Ryan*, 566 U.S. 1 (2012).

Thus, Claims 20 through 25 will be dismissed with prejudice as noncognizable.

**3.      Claims 1 through 19 Are Procedurally Defaulted, and Petitioner Has Not Established Cause and Prejudice, or Actual Innocence, to Excuse the Default**

   ***A.      Procedural Default Standards of Law***

A habeas petitioner must exhaust his or her remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S.

838, 842 (1999). To do so, the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id.* at 845. In a state that has the possibility of discretionary review in the highest appellate court, like Idaho, the petitioner must have presented all of his federal claims at least in a petition seeking review before that court. *Id.* at 847. "Fair presentation" requires a petitioner to describe both the operative facts and the legal theories upon which the federal claim is based. *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996).

A mere similarity between a federal claim and a state law claim, without more, does not satisfy the requirement of fair presentation. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam). General references in state court to "broad constitutional principles, such as due process, equal protection, [or] the right to a fair trial," are likewise insufficient. *See Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). The law is clear that, for proper exhaustion, a petitioner must bring his federal claim before the state court by "explicitly" citing the federal legal basis for his claim. *Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir. 2000), *as amended*, 247 F.3d 904 (9th Cir. 2001).

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and it is clear that the state court would now refuse to consider it because of the state's procedural rules, the claim is said to be procedurally defaulted. *Gray*, 518 U.S. at 161-62. Procedurally defaulted claims include those within the following circumstances: (1) when a petitioner has completely failed to raise a claim

before the Idaho courts; (2) when a petitioner has raised a claim, but has failed to fully and fairly present it as a *federal* claim to the Idaho courts; and (3) when the Idaho courts have rejected a claim on an adequate and independent state procedural ground. *Id.*; *Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

"To qualify as an adequate procedural ground, a state rule must be firmly established and regularly followed." *Walker v. Martin*, 562 U.S. 307, 316 (2011) (internal quotation marks omitted). That is, the state procedural bar must be one that is "'clear, consistently applied, and well-established at the time of the petitioner's purported default.'" *Martinez v. Klauser*, 266 F.3d 1091, 1093-94 (9th Cir. 2001) (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)). A state procedural bar can be considered adequate even if it is a discretionary rule, and even though "the appropriate exercise of discretion may permit consideration of a federal claim in some cases but not others." *Beard v. Kindler*, 558 U.S. 53, 61 (2009). A state rule's "use of an imprecise standard ... is no justification for depriving a rule's language of any meaning." *Walker*, 562 U.S. at 318 (internal quotation marks and alteration omitted).

A state procedural bar is "independent" of federal law if it does not rest on, and if it is not interwoven with, federal grounds. *Bennett v. Mueller*, 322 F.3d 573, 581 (9th Cir. 2003). A rule will not be deemed independent of federal law "if the state has made application of the procedural bar depend on an antecedent ruling on federal law such as the determination of whether federal constitutional error has been committed." *Id.* (internal quotation marks and alteration omitted); *see also Ake v. Oklahoma*, 470 U.S. 68,

75 (1985) (stating that "when resolution of the state procedural law question depends on a federal constitutional ruling, the state-law prong of the court's holding is not independent of federal law, and our jurisdiction is not precluded," and holding that a state waiver rule was not independent because, "[b]efore applying the waiver doctrine to a constitutional question, the state court must rule, either explicitly or implicitly, on the merits of the constitutional question").

Once the state sufficiently pleads the existence of an adequate and independent state procedural bar, the burden shifts to the petitioner to establish that the rule is not adequate or is dependent on federal law. "The petitioner may satisfy this burden by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule." *Bennett*, 322 F.3d at 586. If the petitioner does so, the state has the ultimate burden to show that the procedural rule is adequate and independent.

### B.      *Claims 1 through 19 Are Procedurally Defaulted*

The most straightforward manner in which to resolve the exhaustion and procedural default status of Claims 1 through 19 is to review which claims were raised and addressed on the merits in the state court appellate proceedings. On direct appeal, Petitioner raised two claims, only one of which—Claim 26—is raised in his Amended Petition. Thus, Petitioner did not fairly present any of his other habeas claims on direct appeal.

On appeal from the dismissal of his initial post-conviction petition, Petitioner presented only one issue—that the petition was dismissed without adequate notice in

violation of Idaho state law. (State's Lodging D-1, D-4.) The Court disagrees with

Petitioner's assertion that Petitioner did, in fact, fairly present Claims 1, 3, 7, and 9 to the

state appellate courts during his initial post-conviction proceedings. (*See* Am. Pet., Dkt.

11 at 7, 9, 19, and Dkt. 11-1 at 1; Dkt. 33 at 5.) In Petitioner's opening brief in the initial

post-conviction appeal, those four claims were argued only to illustrate the manner in

which the lower court supposedly dismissed the claims on grounds not previously

asserted by the state; Petitioner did not actually argue the merits of those claims. (State's

Lodging D-1.) The Idaho Court of Appeals disagreed with Petitioner's notice argument

and affirmed the dismissal without addressing the merits of Petitioner's claims, including

Claims 1, 3, 7, or 9. (State's Lodging D-5.) Thus, none of Petitioner's habeas claims was

fairly presented to the state appellate courts during Petitioner's initial post-conviction

appellate proceedings.

In Petitioner's successive post-conviction appeal, the Idaho Court of Appeals held

that all of Petitioner's successive claims were procedurally barred either by Idaho Code

§ 19-4908 or by the doctrine of res judicata. (State's Lodging F-7.) Section 19-4908,

passed as part of Idaho's Uniform Post-Conviction Procedures Act, provides as follows:

> All grounds for relief available to an applicant under
> this act must be raised in his original, supplemental or
> amended application. Any ground finally adjudicated or not
> so raised, or knowingly, voluntarily and intelligently waived
> in the proceeding that resulted in the conviction or sentence
> or in any other proceeding the applicant has taken to secure
> relief may not be the basis for a subsequent application,
> unless the court finds a ground for relief asserted which for
> sufficient reason was not asserted or was inadequately raised
> in the original, supplemental, or amended application.

This Court has held repeatedly—at least as far back as 2009—that Idaho Code

§ 19-4908 is an adequate and independent state procedural ground. *See, e.g., Osterhoudt*

*v. Blades*, No. 1:16-CV-00053-CWD, 2017 WL 102966, at *4 (D. Idaho Jan. 10, 2017);

*Gallegos v. Yordy*, No. 1:15-CV-00316-REB, 2016 WL 4186915, at *5 (D. Idaho Aug. 8,

2016) (certificate of appealability denied, Oct. 31, 2016); *McCormack v. Baldridge*, No.

1:10-cv-00289-EJL, 2012 WL 4138479, at *5-6 (D. Idaho Sept. 19, 2012); *Nelson v.*

*Blades*, No. CV 04-001-S-LMB, 2009 WL 790172, at *10 (D. Idaho Mar. 23, 2009). This

Court has also ruled that the Idaho Supreme Court's 2014 decision in *Murphy v. State*,

327 P.3d 365, 371 (Idaho 2014), which redefined the term "sufficient reason" in § 19-

4908 to exclude ineffective assistance of initial post-conviction counsel, did not render

the successive-petitions bar inadequate or dependent on federal law:

> Finally, the Court will address Petitioner's argument that the Idaho Court of Appeals should not have applied the holding in *Murphy* to his claims. *Murphy* was not decided when Petitioner filed his postconviction petitions and—at the time of Petitioner's state district court filings—Idaho courts had accepted ineffective assistance of postconviction counsel as a "sufficient reason" for the exception to the successive petitions bar. *Murphy* did redefine the state's exception to the successive petitions bar to exclude initial postconviction counsel's ineffectiveness. However, there is no retroactivity problem with *Murphy* because there is no underlying constitutional right to the effective assistance of postconviction counsel, much less a right to rely on initial postconviction counsel's alleged ineffectiveness to avoid the successive petitions bar in § 19-4908.

> Although federal courts now apply an equitable proposition that ineffective assistance of initial postconviction counsel can constitute cause to excuse a failure to properly exhaust an underlying ineffective assistance claim, the state courts are not required to provide such an exception to their

successive petitions bar. *See Martinez v. Ryan*, 132 S. Ct. 1309 (2012) (keeping in place the rule that there is no constitutional right to the effective assistance of state postconviction counsel, yet providing for an equitable exception to procedural default that takes into consideration postconviction counsel's ineffectiveness). Hence, the Idaho Supreme Court's decision to restrict the definition of "sufficient reason" in § 19-4908 does not raise constitutional concern.

*Gallegos*, 2016 WL 4186915, at *6.

Here, Petitioner has not persuaded the Court to reconsider the conclusion that § 19-4908 is an adequate and independent state procedural rule. Accordingly, Petitioner's successive post-conviction proceedings did not serve to fairly present any of his habeas claims to the state courts.

As for res judicata, that doctrine—when applied by a successive post-conviction court on the grounds that the claim was previously presented in an initial post-conviction petition—is also an adequate and independent state procedural ground.[4] *See McCabe v. Blades*, No. 1:16-CV-00381-BLW, 2018 WL 1321565, at *7 (D. Idaho Mar. 13, 2018)

---

[4]      The statutory successive-petitions bar and the common-law doctrine of res judicata overlap in many respects. For example, both procedural rules bar the re-litigation of theories supporting a claim that could have been, but were not, raised in the initial post-conviction petition, even if the claim itself was raised in that previous proceeding. *Johnson v. State*, 353 P.3d 1086, 1090 (Idaho Ct. App. 2015) ("Despite the fact that [petitioner] may have new reasons to assert in support of the claims he raised in his first successive petition, claim preclusion [or res judicata] bars him from asserting different theories in support of the claims already adjudicated."); Idaho Code § 19-4908 (prohibiting the assertion of any ground "not ... raised" in the initial petition absent a sufficient reason). However, even though the "finally adjudicated" language of § 19-4908 might appear to codify at least part of the res judicata doctrine, the Idaho courts generally apply res judicata, and not the successive-petitions bar, where it is clear that a theory supporting a claim actually *was* adjudicated in a previous post-conviction petition. *See, e.g., Escobedo v. State*, No. 42683, 2017 WL 491759, at *3 (Idaho Ct. App. Feb. 7, 2017) (unpublished) ("The principles of res judicata apply when a petitioner attempts to raise the same issues previously ruled upon on direct appeal or in a subsequent petition for post-conviction relief.") (citing *Knutsen v. State*, 163 P.3d 222, 228 (Ct. App. 2007)).

**MEMORANDUM DECISION AND ORDER - 15**

(distinguishing between a scenario where a petitioner raised a claim "and fully and properly exhausted it through the level of the Idaho Supreme Court in a first state action," in which case application of res judicata in a successive action does not affect the procedural default analysis, and a scenario where a claim "could have been, but was not, brought in an earlier action," in which case the doctrine of res judicata constitutes an adequate and independent state procedural ground). Here, the post-conviction court held that the claims (a) asserted in the initial post-conviction petition, and then (b) reasserted in Petitioner's successive petition, were barred by res judicata. As explained above, the claims asserted in the initial post-conviction petition were not "fully and properly exhausted." *Id*. Therefore, the res judicata doctrine applied by the Idaho courts in Petitioner's case is an adequate and independent state procedural bar "in this circumstance." *Id.* at *8.

For the foregoing reasons, the Court concludes that Claims 1 through 19 are procedurally defaulted. However, this conclusion does not end the inquiry. If a petitioner's claim is procedurally defaulted, a federal district court can still hear the merits of the claim, but only if the petitioner meets one of two exceptions: (1) a showing of adequate legal cause for the default and prejudice arising from the default, or (2) a showing of actual innocence, which means that a miscarriage of justice will occur if the constitutional claim is not heard in federal court. *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Schlup v. Delo*, 513 U.S. 298, 329 (1995). Neither an assertion of cause and prejudice nor an assertion of actual innocence under *Schlup* is an independent constitutional claim. Rather, these are federal procedural arguments that, if established by

a petitioner, allow a federal court to consider the merits of an otherwise procedurally-defaulted constitutional claim.

### C.    Cause and Prejudice

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray*, 477 U.S. at 488. To show "prejudice," a petitioner generally bears "the burden of showing not merely that the errors [in his proceeding] constituted a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).[5]

Cause for the default may exist as a result of ineffective assistance of counsel ("IAC"). For example, the failure on appeal to raise a meritorious claim of trial error—or the failure at trial to preserve a claim for appeal—may render that claim procedurally defaulted. *See Edwards v. Carpenter*, 529 U.S. 446, 452 (2000) ("[I]n certain circumstances counsel's ineffectiveness in failing properly to preserve the claim for

---

[5]    Petitioner relies on *Fay v. Noia*, 372 U.S. 391 (1963), in arguing that he is excused from compliance with the state procedural rules of res judicata and § 19-4908 because he did not deliberately bypass those procedural rules. (*See* Dkt. 33 at 6-8.) However, that reliance is misplaced, as the deliberate-bypass standard of *Fay v. Noia* has been repudiated by the Supreme Court in favor of the cause-and-prejudice standard. *See Coleman*, 501 U.S. at 750 ("We now make it explicit: In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Fay* was based on a conception of federal/state relations that undervalued the importance of state procedural rules. The several cases after *Fay* that applied the cause and prejudice standard to a variety of state procedural defaults represent a different view. We now recognize the important interest in finality served by state procedural rules, and the significant harm to the States that results from the failure of federal courts to respect them.").

review in state court will suffice."). However, for ineffective assistance of trial or direct appeal counsel to serve as cause to excuse a default, that IAC claim must itself have been separately presented to the state appellate courts. *Id.* ("A claim of ineffective assistance ... generally must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.") (internal quotation marks and alteration omitted).

In other words, before a federal court can consider ineffective assistance of trial or direct appeal counsel as cause to excuse the default of underlying habeas claims, a petitioner generally must have presented the ineffective assistance of counsel claim in a procedurally proper manner to the state courts, such as in a post-conviction relief petition, including through the level of the Idaho Supreme Court. If the ineffective assistance asserted as cause was not fairly presented to the state courts, a petitioner must show that an excuse for that separate default exists, as well. *Id.* at 453 ("[A]n ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted.").

As stated earlier, a petitioner does not have a federal constitutional right to the effective assistance of counsel during state post-conviction proceedings. *Finley*, 481 U.S. at 554; *Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993). Therefore, the general rule is that any errors of counsel during a post-conviction action cannot serve as a basis for cause to excuse a procedural default. *Coleman*, 501 U.S. at 752.

However, the Supreme Court established an exception to that general rule in *Martinez v. Ryan*, 566 U.S. 1 (2012). *Martinez* held that, in limited circumstances,

"[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.* at 9. *Martinez* does not apply to any claims other than IATC claims, and it can apply only if the underlying IATC claim is both exhausted and procedurally defaulted. *Davila v. Davis*, 137 S. Ct. 2058, 2063 (2017) (holding that *Martinez* does not apply to underlying claims of ineffective assistance of direct appeal counsel); *Hunton v. Sinclair*, 732 F.3d 1124, 1126-27 (9th Cir. 2013) (holding that *Martinez* does not apply to claims under *Brady v. Maryland*); *Creech v. Ramirez*, No. 1:99-CV-00224-BLW, 2016 WL 8605324, at *21 (D. Idaho Jan. 29, 2016) (holding that claims were not subject to *Martinez* because they were not fundamentally altered from claims decided on the merits in state court proceedings and, therefore, were not procedurally defaulted).

The Supreme Court has described and clarified the *Martinez* cause-and-prejudice test as consisting of four necessary prongs: (1) the underlying claim of ineffective assistance of trial counsel must be a "substantial" claim; (2) the "cause" for the procedural default consists of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" collateral review proceeding where the IATC claim could have been brought; and (4) state law requires that an IATC claim be raised in an initial-review collateral proceeding, or by "design and operation" such claims must be raised that way, rather than on direct appeal. *Trevino v. Thaler*, 569 U.S. 416, 423, 429 (2013).

To show that a claim is "substantial" under *Martinez*, a petitioner must point to evidence demonstrating that the underlying ineffectiveness claim has "some merit."

*Martinez*, 556 U.S. at 14. That is, the petitioner must submit at least *some* evidence tending to show that (a) trial counsel performed deficiently in handling some aspect of pretrial or trial duties and (b) that the deficient performance harmed the defense, which is defined as a reasonable probability of a different outcome at trial. *Strickland v. Washington*, 466 U.S. 668, 695-96 (1984).

Even if an underlying claim is substantial under *Martinez*, a petitioner must also show that ineffective assistance of post-conviction counsel in the initial-review collateral proceedings caused the default of that claim. To do so, a petitioner must show not simply that claims were omitted or not fully pursued in the initial post-conviction action, but that the post-conviction attorney in the initial post-conviction matter was constitutionally ineffective—meaning that (1) post-conviction counsel performed deficiently in failing to raise or to fully pursue the claim, and (2) there is a reasonable probability that the deficient performance resulted in prejudice in the post-conviction proceedings. *Clabourne v. Ryan*, 745 F.3d 362, 377 (9th Cir. 2014), *overruled on other grounds by McKinney v. Ryan*, 813 F.3d 798 (9th Cir. 2015) (en banc); *see also Runningeagle v. Ryan*, 825 F.3d 970, 982 (9th Cir. 2016) ("Construing *Martinez*, we have held that, to fulfill this requirement, a petitioner must show not only that [post-conviction review] counsel performed deficiently, but also that this prejudiced the petitioner...."), *cert. denied*, 137 S. Ct. 1439 (2017).

Petitioner argues that cause and prejudice exist to excuse the default of Claims 1 through 19 on three grounds: (1) ineffective assistance of direct appeal counsel; (2) ineffective assistance of initial post-conviction counsel in the trial court; and (3)

ineffective assistance during the initial and successive post-conviction appellate proceedings—specifically, (a) ineffective assistance of post-conviction appellate counsel in the appeal from the dismissal of the initial post-conviction petition, and (b) the withdrawal of Petitioner's counsel in the appeal from the dismissal of his successive post-conviction petition, which forced him to proceed pro se in that appeal. (Dkt. 33.)

i.    Ineffective Assistance of Direct Appeal Counsel as Cause

For two reasons, Petitioner falls short in his argument that his direct appeal counsel's allegedly ineffective assistance constitutes cause. First, Petitioner did not fairly present any claims of ineffective assistance of direct appeal counsel to the Idaho Supreme Court. Therefore, any such assistance cannot be asserted as cause to excuse a procedural default. *See Edwards*, 529 U.S. at 452.

Second, Petitioner's assertions of ineffective assistance of direct appeal counsel would fail on the merits. The only claims that direct appeal counsel *theoretically* could have raised, but did not raise, are Claims 1 through 12 and 14 through 17, which are all IATC claims.[6] However, because Idaho courts generally refuse to consider IATC claims on direct appeal—instead requiring such claims to be brought in post-conviction proceedings—Petitioner's direct appeal counsel was not deficient in choosing not to raise those claims. *See Matthews v. State*, 839 P.2d 1215, 1220 (Idaho 1992) (recognizing that in Idaho the post-conviction setting is the "preferred forum for bringing claims of

_____

[6]    Claims 13, 18, and 19 allege ineffective assistance of direct appeal counsel and, thus, could not have been raised in that appeal.

ineffective assistance of counsel," though in limited instances such claims may be brought on direct appeal "on purported errors that arose during the trial, as shown on the record"). Rather, Petitioner's attorney on direct appeal exercised reasonable judgment by "winnowing out weaker arguments on appeal and focusing" on issues with a better chance of success. *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983).

Therefore, Petitioner has failed to establish cause for the default of his claims based on direct appeal counsel's representation.

### ii. Ineffective Assistance of Initial Post-Conviction Counsel as Cause

Petitioner next argues that his attorneys in the initial post-conviction proceedings—the proceedings in the state district court—rendered ineffective assistance by failing to fairly present his current habeas claims. In the initial post-conviction petition, counsel *did* raise Claims 1 through 13 and, therefore, did not cause the default of those claims.[7] (State's Lodging C-2 at 191-96; C-3 at 314-18.) These claims were not defaulted until Petitioner failed to raise them *on appeal* from the dismissal of that petition, which will be discussed further below.

Initial post-conviction counsel did not raise Claims 14 through 19, which allege ineffective assistance of trial and direct appeal counsel. Petitioner claims that this failure

---

[7]     Petitioner asserts that even though his initial post-conviction counsel raised Claims 1, 2, and 3, counsel did so inadequately or incompletely. (Dkt. 11-2 at 8-9, 13-19, 21-23.) However, Petitioner has not established that Claims 1 through 3 are "fundamentally altered" from those raised in state court, such that the Court could consider the claims to have been defaulted in the initial-review collateral proceeding. *See Dickens v. Ryan*, 740 F.3d 1302, 1317 (9th Cir. 2014) (en banc). None of these claims is a substantively different legal claim or is being presented "in a significantly different and stronger evidentiary posture than it was when the state courts considered it." *Id*. at 1318 (internal quotation marks omitted).

constituted ineffective assistance, which in turn constitutes cause to excuse the default of Claims 14 through 19 under *Martinez v. Ryan*.

As an initial matter, Claims 18 and 19 (and Claim 13, for that matter) are not subject to the *Martinez* exception because that exception applies only to claims of ineffective assistance of *trial* counsel. It does not apply to claims of ineffective assistance of direct appeal counsel, such as Claims 13, 18, and 19. *Davila*, 137 S. Ct. at 2063. Thus, initial post-conviction counsel's representation cannot constitute cause to excuse the default of those claims.

As for Claims 14 through 17, Petitioner must show both that the claims are substantial and that his initial post-conviction counsel rendered ineffective assistance. *Trevino*, 569 U.S. at 423; *Runningeagle*, 825 F.3d at 982. Here, the Court need not consider the substantiality of these claims because Petitioner's initial post-conviction counsel did not perform deficiently in choosing not to raise these claims, nor did any action or inaction on the part of counsel prejudice Petitioner in the initial post-conviction proceedings.

The Court begins with a "strong presumption" that, in choosing which claims to present during post-conviction proceedings and which claims to forgo presenting, Petitioner's initial post-conviction counsel made reasonable tactical decisions that fell within "the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Petitioner has failed to rebut that presumption.

In Petitioner's opposition to the Motion for Partial Summary Dismissal, he offers only generalized complaints about his initial post-conviction counsel's representation.

For example, Petitioner states that counsel "failed to fully investigate each separate issue and filed the petition without providing acceptable evidence in support of the issues," but he does not provide any details about counsel's actions or inactions that would allow this Court to conclude that initial post-conviction counsel performed deficiently or that Petitioner suffered prejudice from that performance in the initial post-conviction proceedings. (Dkt. 33 at 15.) These types of vague assertions are insufficient to establish that Petitioner is entitled to application of the *Martinez* exception.

Petitioner provides a bit more detail in the Amended Petition's allegations about initial post-conviction counsel's actions. For example, Petitioner asserts that post-conviction counsel should have included Claims 14, 15, and 16 when presenting Claims 2 and 3 to the state court. (Dkt. 11-2 at 8-9.) Petitioner states that he communicated with post-conviction counsel about these (and other) claims but that counsel either failed to include them at all or failed to include them in a timely manner. (*Id.* at 8-24.) However, these statements show nothing more than that initial post-conviction counsel disagreed with Petitioner that Claims 14 through 19 should be included in the petition and chose to limit the claims presented accordingly. Effective legal assistance does *not* mean that an attorney must raise every question of law or every nonfrivolous issue requested by a criminal defendant. *See Jones*, 463 U.S. at 751-54 (discussing claim of ineffective assistance of appellate counsel). "Nothing in the Constitution" requires "judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every 'colorable' claim suggested by a client." *Id.* at 754. The Court cannot conclude, based on this record, that initial post-conviction counsel's choices with respect

to which claims to include in the initial petition were anything but reasonable strategic decisions.

Petitioner's other allegations similarly do not establish that initial post-conviction counsel performed deficiently. Petitioner's beliefs that certain evidence should have been presented as exhibits rather than in affidavits, that his counsel did not understand certain points of law, and that his counsel should have contacted additional witnesses do not suggest ineffective assistance. (*See* Dkt. 11-2 at 8-11.)

Simply put, Petitioner has failed to provide sufficient evidence that his initial post-conviction counsel rendered deficient performance in choosing not to pursue Claims 14 through 17 or that Petitioner suffered any prejudice from counsel's failure to raise those claims.

iii.  Ineffective Assistance of Post-Conviction Appellate Counsel on Appeal from Dismissal of Initial Post-Conviction Petition, and the Withdrawal of Post-Conviction Appellate Counsel during the Successive Post-Conviction Appeal

Petitioner also alleges that ineffective assistance of counsel, or lack of counsel, during (a) the appeal from the dismissal of his initial postconviction petition, and (b) the appeal from the dismissal of his successive post-conviction petition, excuses the procedural default of Claims 1 through 19. In doing so, Petitioner relies on both *Martinez v. Ryan* and *Maples v. Thomas*, 565 U.S. 266 (2012).

Under *Martinez*, a petitioner may not use, as cause to excuse a default, any attorney error that occurred in "appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's

appellate courts." *Martinez*, 566 U.S. at 16. Therefore, neither the performance of Petitioner's initial post-conviction appellate counsel nor the withdrawal of his successive post-conviction appellate counsel can excuse the default of Claims 1 through 19 pursuant to *Martinez*.

Outside of the *Martinez* context, there is only one limited circumstance when the conduct of a post-conviction attorney can constitute cause: attorney abandonment. As set forth in *Maples*, a post-conviction attorney abandons the client when the attorney's failure to act is so egregious that it effectively severs the attorney-client relationship, leaving the client "without any functioning attorney of record." Such abandonment can constitute cause to excuse a procedural default. 565 U.S. at 288. However, *Maples* applies only where the attorney-client relationship was effectively severed without the knowledge of the client; it does not apply where, as here, the post-conviction attorney properly withdrew from representation so that the petitioner was aware of the need either to proceed pro se or to obtain another post-conviction attorney. Because there is no constitutional right to an attorney during state post-conviction proceedings, the withdrawal of Petitioner's successive post-conviction appellate attorney does not suffice to excuse the procedural default of his claims.

      iv.      <u>Conclusion Re: Cause and Prejudice</u>

For the foregoing reasons, Petitioner has not established cause and prejudice for the default of Claims 1 through 19. The Court will now turn to the actual innocence (or miscarriage-of-justice) exception to procedural default.

### D.     Actual Innocence

In the context of excusing a procedural default, actual innocence "means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). Under the miscarriage-of-justice exception, a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). A procedurally defaulted claim may be heard under the actual innocence exception only if, "in light of all of the evidence, 'it is more likely than not that no reasonable juror would have found [the petitioner] guilty beyond a reasonable doubt.'" *United States v. Avery*, 719 F.3d 1080, 1083 (9th Cir. 2013) (quoting *Schlup*, 513 U.S. at 327). Stated another way, the petitioner must show that, but for the constitutional error, *every* reasonable juror would vote to acquit.

This is an extremely demanding standard that "permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006) (quoting *Schlup*, 513 U.S. at 327). A court considering whether a petitioner has established actual innocence must consider "all the evidence, old and new, incriminating and exculpatory, admissible at trial or not." *Lee v. Lampert*, 653 F.3d 929, 938 (9th Cir. 2011) (en banc) (internal quotation marks omitted). Although "habeas petitioners who assert convincing actual-innocence claims [need not] prove diligence to cross a federal court's threshold," a court "'may consider how the timing of the submission and the likely credibility of a petitioner's

affiants bear on the probable reliability of evidence of actual innocence.'" *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1935 (quoting *Schlup*, 513 U.S. at 332) (alterations omitted).

The actual innocence inquiry "does not turn on discrete findings regarding disputed points of fact, and '[i]t is not the district court's independent judgment as to whether reasonable doubt exists that the standard addresses.'" *House*, 547 U.S. at 539-40 (quoting *Schlup*, 513 U.S. at 329 (alteration in original)). Rather, the court must "make a probabilistic determination about what reasonable, properly instructed jurors would do." *Schlup*, 513 U.S. at 329; *see also Jenkins v. Hutton*, 137 S. Ct. 1769, 1772 (2017) (per curiam) (reversing an actual-innocence decision where the court of appeals considered whether the alleged error "might have affected the jury's verdict" instead of "whether a properly-instructed jury could have" come to the same decision absent the error).

Petitioner has not met the extremely high standard required for the miscarriage-of-justice exception to apply. He has not offered sufficient new, reliable, and persuasive evidence that he is actually innocent of any of the 12 crimes of conviction. Therefore, he is not excused from the procedural default of Claims 1 through 19 on that basis.

## CONCLUSION

Claims 1 through 19 are procedurally defaulted, and Petitioner has not established an adequate excuse for that default. Moreover, Claims 20 through 25 are not cognizable in his federal habeas corpus action. Therefore, Claims 1 through 25 will be dismissed with prejudice.

# ORDER

**IT IS ORDERED:**

1.      Respondent's Motions for Extensions of Time (Dkt. 29 and 34) are GRANTED.

2.      Respondent's Motion to File Oversize Reply Brief (Dkt. 35) is GRANTED.

3.      Respondent's Motion for Partial Summary Dismissal (Dkt. 30) is GRANTED. Claims 1 through 25 are DISMISSED with prejudice.

4.      Respondent must file an answer to Claim 26, the only remaining claim, within 60 days of the date of this Order. Petitioner may file a reply (formerly called a traverse), containing a brief rebutting Respondent's answer and brief, which must be filed and served within 30 days after service of the answer and brief. Respondent has the option of filing a sur-reply within 14 days after service of the reply. At that point, the case will be deemed ready for a final decision.

DATED: September 28, 2018

Ronald E. Bush
Chief U.S. Magistrate Judge