UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TIMOTHY ANDREW KELLIS,<br><br>        Petitioner,<br><br>v.<br><br>WARDEN CARLIN,<br><br>        Respondent. | Case No. 3:15-cv-00094-REB<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is a Petition an Amended Petition for Writ of Habeas Corpus filed by Idaho state prisoner Timothy Andrew Kellis, challenging his Latah County convictions on nine counts of lewd conduct with a minor, one count of attempted lewd conduct with a minor, and two counts of sexual abuse of a child. *See* Dkt. 11. The Court previously granted Respondent's motion for partial summary dismissal, concluding that Claims 1 through 19 were procedurally defaulted without legal excuse and that Claims 20 through 25 are not cognizable on federal habeas corpus review. *See* Dkt. 39.

Claim 26, the only remaining claim in the Amended Petition, is now fully briefed and ripe for adjudication. In that claim, Kellis asserts that, in violation of due process, the trial judge imposed a harsh sentence as punishment for Kellis's assertion of innocence. Dkt. 11-3 at 22–30, Am. Pet. at 122–130.

The Court takes judicial notice of the records from Kellis's state court proceedings, which have been lodged by Respondent. *See* Dkt. 22; Fed. R. Evid. 201(b); *Dawson v. Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2006).

All parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *See* Dkt. 17. Having carefully reviewed the record in this matter, including the state court record, the Court concludes that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court will enter the following Order denying habeas corpus relief.

## BACKGROUND

Following a jury trial in the Second Judicial District Court in Latah County, Idaho, Kellis was convicted of twelve criminal charges arising from sexual misconduct "with four teenage boys, much of which occurred at a Boy Scout Camp where Kellis was a staff member." State's Lodging D-6 at 1. The Idaho Court of Appeals affirmed the convictions and sentence, rejecting Kellis's claim that the trial judge unconstitutionally punished him, for asserting his innocence, by imposing a harsher sentence based on that assertion. *State v. Kellis*, 229 P.3d 1174, 1178–79 (Idaho Ct. App. 2010).

Kellis raises the same claim in Claim 26—that his due process rights were violated at sentencing because the trial judge used Kellis's assertion of innocence as a basis for

additional punishment.[1] Dkt. 11-3 at 22, Am. Pet. at 122. For the following reasons, the Court disagrees.

## DISCUSSION

**1.    Habeas Corpus Standards of Law**

A federal court may grant habeas corpus relief when it determines that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). If the state court has adjudicated a claim on the merits, habeas relief is further limited by § 2254(d), as amended by the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under AEDPA, federal habeas relief may be granted only where the state court's adjudication of the petitioner's claim:

>    (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>    (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "Deciding whether a state court's decision involved an unreasonable application of federal law or was based on an unreasonable determination of fact requires the federal habeas court to train its attention on the particular reasons—

---

[1] Kellis also alleges that the trial judge abused his discretion by imposing "excessive sentences as punishment for Kellis continued assertion of innocence." Dkt. 11-3 at 22–30, Am. Pet. at 122–30. However, any such claim asserts a violation of Idaho state law and, as such, is not cognizable on federal habeas review. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law.").

MEMORANDUM DECISION AND ORDER - 3

both legal and factual—why state courts rejected a state prisoner's federal claims and to give appropriate deference to that decision." *Wilson v. Sellers*, 138 S. Ct. 1188, 1191–92 (2018) (internal quotation marks and citations omitted).

When a party contests the state court's legal conclusions, including application of the law to the facts, § 2254(d)(1) governs. That section consists of two alternative tests: the "contrary to" test and the "unreasonable application" test.

Under the first test, a state court's decision is "contrary to" clearly established federal law "if the state court applies a rule different from the governing law set forth in [the Supreme Court's] cases, or if it decides a case differently than [the Supreme Court] [has] done on a set of materially indistinguishable facts." *Bell v. Cone*, 535 U.S. 685, 694 (2002). Under the second test, to satisfy the "unreasonable application" clause of § 2254(d)(1), the petitioner must show that the state court—although identifying "the correct governing legal rule" from Supreme Court precedent—nonetheless "unreasonably applie[d] it to the facts of the particular state prisoner's case." *Williams (Terry) v. Taylor*, 529 U.S. 362, 407 (2000). "Section 2254(d)(1) provides a remedy for instances in which a state court unreasonably applies [Supreme Court] precedent; it does not require state courts to extend that precedent or license federal courts to treat the failure to do so as error." *White v. Woodall*, 134 S. Ct. 1697, 1706 (2014) (emphasis omitted).

A federal court cannot grant habeas relief simply because it concludes in its independent judgment that the state court's decision is incorrect or wrong; rather, the state court's application of federal law must be objectively unreasonable to warrant relief.

*Lockyer v. Andrade*, 538 U.S. 63, 75 (2003); *Bell*, 535 U.S. at 694. If there is any possibility that fair-minded jurists could disagree on the correctness of the state court's decision, then relief is not warranted under § 2254(d)(1). *Harrington v. Richter*, 562 U.S. 86, 102 (2011). The Supreme Court has emphasized that "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. To be entitled to habeas relief under § 2254(d)(1), "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103.

The source of clearly established federal law must come only from the holdings of the United States Supreme Court. Although circuit precedent may be persuasive authority for determining whether a state court decision is an unreasonable application of Supreme Court precedent, *Duhaime v. Ducharme*, 200 F.3d 597, 600-01 (9th Cir. 2000), circuit law may not be used "to refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that th[e] Court has not announced," *Marshall v. Rodgers*, 569 U.S. 58, 64 (2013).

"[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 180 (2011). Therefore, evidence that was not presented to the state court cannot be introduced on federal habeas review if a claim was adjudicated on the merits in state court and if the underlying factual determinations of the state court were reasonable. *See Murray v.*

*Schriro*, 745 F.3d 984, 999-1000 (9th Cir. 2014) ("After *Pinholster*, a federal habeas court may consider new evidence only on de novo review, subject to the limitations of § 2254(e)(2)."); *Hurles v. Ryan*, 752 F.3d 768, 778 (9th Cir. 2014) ("If we determine, considering only the evidence before the state court, that the adjudication of a claim on the merits ... was based on an unreasonable determination of the facts, we evaluate the claim de novo, and we may consider evidence properly presented for the first time in federal court.").

To be eligible for relief under § 2254(d)(2), the petitioner must show that the state court decision was based upon factual determinations that were "unreasonable ... in light of the evidence presented in the State court proceeding." A "state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010); *see also Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) ("The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold."). State court factual findings are presumed to be correct and are binding on the federal court unless the petitioner rebuts this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

If a petitioner satisfies § 2254(d)—either by showing that the state court's adjudication of the claim was contrary to, or an unreasonable application of Supreme Court precedent or by establishing that the state court's factual findings were

unreasonable—then the federal habeas court must review the petitioner's claim de novo, meaning without deference to the state court's decision. *Hurles*, 752 F.3d at 778. When considering a habeas claim de novo, a district court may, as in the pre-AEDPA era, draw from both United States Supreme Court and well as circuit precedent, limited only by the non-retroactivity rule of *Teague v. Lane*, 489 U.S. 288 (1989). Even under de novo review, however, if the factual findings of the state court are not unreasonable under § 2254(d)(2), the Court must apply the presumption of correctness found in 28 U.S.C. § 2254(e)(1) to any facts found by the state courts. *Pirtle*, 313 F.3d at 1167-68. Conversely, if a state court factual determination is unreasonable, the federal court is not limited by § 2254(e)(1) and may consider evidence outside the state court record, except to the extent that § 2254(e)(2) might apply. *Murray v. Schriro*, 745 F.3d at 1000.

For the reasons that follow, the Court concludes that the Idaho Court of Appeals reasonably rejected Claim 26. Therefore, Kellis is not entitled to habeas relief.

**2.      Clearly Established Law Governing Claim 26**

The Due Process Clause of the Fourteenth Amendment prohibits the State from "punish[ing] a person because he has done what the law plainly allows him to do." *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978). For example, if a defendant successfully challenges his conviction and is granted a new trial, he may not receive a harsher sentence after retrial *because of* the successful challenge. *North Carolina v. Pearce*, 395 U.S. 711, 724–25 (1969), *clarified and distinguished by Alabama v. Smith*, 490 U.S. 794 (1989). This is not to say that a judge may never impose a harsher sentence after retrial—rather, "whenever a judge imposes a more severe sentence upon a defendant

MEMORANDUM DECISION AND ORDER - 7

after a new trial, the reasons for … doing so must affirmatively appear." *Id.* at 726 (1969); *see also Blackledge v. Perry*, 417 U.S. 21, 27 (1974) ("[T]he Due Process Clause is not offended by all possibilities of increased punishment [after successfully challenging a conviction], but only by those that pose a realistic likelihood of 'vindictiveness.'").

Similarly, where a defendant originally convicted of a misdemeanor successfully challenges that conviction, a prosecutor may not recharge the defendant with a felony stemming from the same criminal conduct if the successful challenge was the motivation for that charge. *Blackledge*, 417 U.S. at 27. A presumption of vindictiveness applies in such a case, because "there is a 'reasonable likelihood' … that the [challenged action] is the product of actual vindictiveness." *Smith*, 490 U.S. at 799. However, the presumption of vindictiveness may be rebutted. *Wasman v. United States*, 468 U.S. 559, 569 (1984).

The United States Supreme Court has never addressed whether, and to what extent, these principles apply where a judge imposes a harsher sentence after a defendant asserted his innocence at trial. In a related context, the Court has held that the Fifth Amendment right to be free from compelled self-incrimination requires that no adverse inferences may be taken from a defendant's silence during the *guilt* phase of a trial, *Carter v. Kentucky*, 450 U.S. 288, 302-03 (1981), but has left open the possibility that some such inferences might be permissible at *sentencing*—for example, as indicating a defendant's lack of remorse—so long as the adverse inference does not relate to the facts and circumstances of the crime, *Mitchell v. United States*, 526 U.S. 314, 330 (1999);

*White v. Woodall*, 134 S. Ct. 1697, 1704-05 (2014) (explaining that *Mitchell* expressly reserved the question of whether assertion of the privilege against self-incrimination at sentencing may be the basis for a finding of lack of remorse).

Various federal courts of appeals and state courts—including the Idaho Court of Appeals—have held that due process protects a defendant who continues to assert innocence from receiving "harsher punishment than the court would have decreed" had the defendant acknowledged guilt. *See, e.g., Thomas v. United States*, 368 F.2d 941, 946 (5th Cir. 1966); *State v. Lawrence*, 730 P.2d 1069, 1077 (Idaho Ct. App. 1986) ("A court should not coerce a defendant into sacrificing the right to assert innocence by threatening a more severe sentence.") (citing *Thomas,* 368 F.2d 941); *but see United States v. Hull*, 792 F.2d 941, 943 (9th Cir. 1986) (affirming revocation of probation where probationer "did not express remorse" and stating that "a sentencing court [may] impose a harsh sentence *as a penalty* for the defendant's refusal to admit his guilt, since an admission would evidence the first step in rehabilitation") (emphasis added). These courts do not prohibit all consideration of an innocence assertion but, instead, permit a sentencing judge "to consider a defendant's failure to accept responsibility in determining whether rehabilitation efforts would be fruitful."[2] *See, e.g., State v. Murphy*, 988 P.2d 715, 720 (Idaho Ct. App. 1999).

---

[2] The Ninth Circuit has previously determined that any distinction between using lack of remorse or acceptance of responsibility as (1) a factor in whether a defendant is amenable to rehabilitation, or (2) a reason for imposing a harsher sentence as a penalty for maintaining innocence, is not appropriate:

> [T]o the extent that rehabilitation is the objective, no fault can be found of the judge who takes into consideration the extent of a defendant's rehabilitation at the time of sentence.
> …

MEMORANDUM DECISION AND ORDER - 9

3. **Factual Basis of Claim 26**

Because Kellis's remaining habeas claim is based on the trial judge's comments during the sentencing hearing, the Court will quote those comments at length:

> I'm obliged under the statutes of the State of Idaho to apply criteria to determine whether someone should be placed on probation or imprisoned. Those criteria are set out in Idaho Code, Section 19-2521. The first criteria is that there is undue risk that during the period of a suspended sentence or probation the defendant will commit another crime.
>
> I guess first and foremost, I believe the boys who testified. I don't believe your testimony, Mr. Kellis, and I think that's consistent with the jury's verdict. Someone in one of these statements indicated that you have violated every oath that the boy scouts stand for and I agree with that statement. I think you have violated the trust that was placed in you by the Boy Scouts. And I appreciate that the Boy Scouts are paying for that. Also, that's my assessment of the evidence as I heard it.
>
> Now, the next criteria is that the defendant is in need of correctional treatment that can be provided most effectively by his commitment to an institution. I find that this criteria has been met. I think you're in denial, Mr. Kellis. I shouldn't say I think you're in denial. *I believe you're in denial. I don't know why four young boys as outstanding as they were would come in and testify to the acts that you committed upon them other than that was the truth. And now to say it didn't happen, leaves me little confidence that you can be trusted among civilized society or that you can be treated in a way that I think you need to be treated.*

---

Justice is better served by a forth-right disclosure of the state of mind of the judge…. A proper sentence takes into consideration the kind of crime committed and the kind of man who committed it. *To belabor a distinction between the considerations just discussed and a sentence which is in part imposed as a penalty for going to trial would be a waste of time*.

*Gollaher v. United States*, 419 F.2d 520, 530 (9th Cir. 1969) (emphasis added).

MEMORANDUM DECISION AND ORDER - 10

> I'm no expert on sex offense, but I can tell you that in talking to people who treat sex offenders, *the most important criteria is empathy. You have to be able to appreciate what you've done and to appreciate the position that you've put those young boys in.* And unless and until you develop empathy for the victims of these offenses, I don't have much hope that you will ever be released from the penitentiary.
>
> I've dealt with the Probation and Parole Commission on other cases, and I have no expectation that you will be released from the penitentiary until the Parole Commission concludes that you have rehabilitated yourself. *And rehabilitation will require, as a first step, that you recognize what you did wrong and that you empathize with your victims and you appreciate what you've done to them.* And until you can do that, my expectation is that you will be incarcerated in the State of Idaho.
>
> …
>
> The next step in the process is for me to consider other criteria, other grounds, that while not controlling the discretion of the Court, shall be accorded weight in favor of avoiding a sentence of imprisonment….
>
> *I can't hold it against you, Mr. Kellis, that you took this case to trial.* There are a number of statements in the presentence report that suggest that I hold it against you for exercising your constitutional right to testify. *I don't think I can, as a judge, punish someone for the exercise of their constitutional rights. But what I do find offensive is that you have no remorse. You are not taking responsibility for the actions that you have been convicted of. And I can and do punish you for that.*
>
> …
>
> The next criteria is that the defendant's criminal conduct was the result of circumstances that are unlikely to recur. I can't find that criteria has been met. *When you don't believe you have harmed anyone, it's difficult for me to conclude that you wouldn't engage in similar behavior in the future.*

> And, finally, the character and attitudes of the defendant indicate that the commission of another crime isn't likely. I think it's a similar analysis to the last criteria that *when you have no remorse and no empathy for your victims, I don't have much optimism that you can or will rehabilitate yourself. And if you can't rehabilitate yourself, then I don't have much hope that another crime isn't unlikely* [sic].
>
> So, weighing the criteria that I'm to weigh, I conclude that imposition of imprisonment is the appropriate sentence. *I guess, given the fact that you have shown no remorse and have taken no responsibility, the easy question is whether I should impose a life sentence. I should impose a life sentence given that you haven't demonstrated any remorse and haven't taken responsibility for any of these offenses.* The hard question is what's the minimum?
>
> *I don't think I can punish you for going to trial. I think I said that earlier. That's your constitutional right.* If I were to punish people for going to trial, I don't think I would be doing my job. *But the next question is, have you shown remorse? Have you taken responsibility? And I can't conclude that you have.* And as I say, I don't have much optimism that whatever sentence I impose, you will be released by the Parole Commission until you take responsibility, until you acknowledge what you've done, until you account for yourself and take responsibility.
>
> … As I say, Mr. Kellis, unless and until you take responsibility and own up to what you did, you're not going to be released….

State's Lodging A-7 at 1068–74 (emphasis added).

The trial judge imposed concurrent unified sentences, cumulatively amounting to life imprisonment with fifteen years fixed.

### 4. The State Court's Rejection of Claim 26 Was Not Unreasonable under AEDPA

As explained previously, the United States Supreme Court has not specifically addressed whether a trial court may constitutionally base its sentencing decision in part on a defendant's assertion of innocence, either as a reason for a harsher sentence or as a factor in the inquiry whether a defendant is amenable to rehabilitation or treatment. Although there is certainly a broad constitutional right not to be punished for exercising constitutional rights, *see Bordenkircher*, 434 U.S. 363, the Supreme Court has instructed federal habeas courts not to frame its precedents at "a high level of generality," *Nevada v. Jackson*, 569 U.S. 505, 512 (2013) (per curiam). To do so runs the risk of "transforming even the most imaginative extension of existing case law into 'clearly established Federal law, as determined by the Supreme Court.'" *Id*. (quoting 28 U.S.C. § 2254(d)(1)). For this reason alone, Kellis is not entitled to habeas relief under § 2254(d)(1).

Further, Kellis has not shown that the state court's rejection of Claim 26 was based on an unreasonable factual finding under § 2254(d)(2). The state court acknowledged that one of the judge's comments—"You are not taking responsibility for the actions that you have been convicted of. And I can and do punish you for that"—was "troublesome because, out of context, it could be interpreted as punishing Kellis for asserting innocence and putting the State to its proof at trial." <u>Kellis</u>, 229 P.3d at 1178. However, the court of appeals went on to conclude, considering the entire context of the judge's sentencing pronouncement, that the judge did not, in fact, impose a harsher sentence *because* Kellis maintained his innocence. Instead, the court found that the

sentencing judge was "permissibly commenting on the defendant's amenability to rehabilitation":

> The district court … said multiple times that it could not and would not punish Kellis for exercising his constitutional rights, and the court continually linked its comments concerning Kellis's lack of remorse to his rehabilitation prospects. *Placed in context, the district court's comments on which Kellis predicates error do not show that there was enhanced punishment for Kellis's refusal to confess guilt, but rather a permissible consideration of factors relevant to Kellis's prospects for rehabilitation.*

*Id.* at 1178–79 (emphasis added).

This factual finding is supported by the sentencing judge's repeated statements regarding Kellis's lack of remorse and failure to take responsibility for his actions. The judge consistently made such comments in connection with the question of whether Kellis could be rehabilitated. The judge also twice stated that he would not use Kellis's exercise of his constitutional right to assert his innocence as a reason to increase the sentence. Thus, even if the right asserted by Kellis were clearly established—which it is not—Kellis is not entitled to relief under § 2254(d)(2) because the Idaho Court of Appeals reasonably found that the sentencing judge did not increase Kellis's sentence as punishment for maintaining his innocence.

## CONCLUSION

The United States Supreme Court has not clearly established that the Constitution prohibits a sentencing judge from using an assertion of innocence as a factor in determining the defendant's sentence, particularly when it is used only in consideration of the defendant's amenability to rehabilitation. And the state court reasonably found that

MEMORANDUM DECISION AND ORDER - 14

the sentencing judge used Kellis's lack of remorse or acceptance of responsibility in precisely that manner—not as a punishment for asserting innocence. Therefore, Kellis has not shown that he is entitled to relief on Claim 26.

## ORDER

**IT IS ORDERED:**

1. Claim 26 of the Amended Petition for Writ of Habeas Corpus (Dkt. 11) is DENIED. Because all other claims have already been dismissed, this entire action is DISMISSED with prejudice.

2. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Rule 11 of the Rules Governing Section 2254 Cases. If Petitioner wishes to appeal, he must file a timely notice of appeal with the Clerk of Court. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: December 23, 2019

_____
Ronald E. Bush
Chief U.S. Magistrate Judge